✓ FILED ENTERED RECEIVED SERVED ON
COUNSEL/PARTIES OF RECORD
MAR 29 2013
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MARIA F. CRUZ-COSIO,
Plaintiff,
v.
MICHAEL J. ASTRUE,
Defendant.

3:12-cv-00119-RCJ-VPC

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**

March 29, 2013

This Report and Recommendation is made to the Honorable Robert C. Jones, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is plaintiff's motion for remand (#11).[1] Defendant filed an opposition (#12) and a cross-motion for summary judgment (#13). Plaintiff did not reply. For the reasons set forth below, the court recommends that plaintiff's motion for remand (#11) be denied, and defendant's cross-motion for summary judgment (#13) be granted.

## I. ADMINISTRATIVE PROCEEDINGS

On July 1, 2009, plaintiff Maria F. Cruz-Cosio ("plaintiff") filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act (Administrative Record ("AR") 11, 138-144). On August 3, 2009, plaintiff filed an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. *Id.* at 11, 145-150. Plaintiff alleged disability beginning February 1, 2007, due to physical symptoms stemming from migraines, carpal tunnel syndrome, high blood pressure, a back condition, a heart condition and pain in her left arm, as well

[1] Refers to the court's docket numbers.

as mental impairments causing memory loss, depression, anxiety and panic attacks. *Id.* at 162. The Commissioner denied plaintiff's claims initially and upon reconsideration. *Id.* at 69-72, 86-88. On May 24, 2011, plaintiff appeared with her attorney at a hearing before Administrative Law Judge ("ALJ") Mark C. Ramsey. *Id.* at 31-68. On July 29, 2011, the ALJ issued a written opinion, upholding the denial of plaintiff's claims. *Id.* at 11-21. On January 6, 2012, the Appeals Council denied review, rendering the ALJ's decision final. *Id.* at 1-4. On March 1, 2012, having exhausted all administrative remedies, plaintiff filed a complaint for judicial review (#1).

## II. BACKGROUND

Plaintiff was thirty-five years old at the time of her hearing before ALJ Ramsey (AR 34). Plaintiff has twelve years of education, but did not graduate from high school or obtain a high school equivalency certification. *Id.* at 35-36. Plaintiff previously worked as a cashier, motel maid, hospital laundry aide, hospital dietary aide and box-maker for a coffee company. *Id.* at 36-39. The ALJ found that plaintiff suffers from the severe impairments of diabetes mellitus, hypertension, headaches, degenerative disc disease of the lumbar spine, depression, bipolar II disorder and generalized anxiety disorder. *Id.* at 13. The ALJ also found that plaintiff retains the residual functional capacity ("RFC") to perform light work, limited to simple, unskilled work. *Id.* at 16. The ALJ determined that plaintiff is capable of performing her past relevant work as a housecleaner (motel maid). *Id.* at 19. The ALJ also considered plaintiff's RFC, age, education and work experience, and determined that plaintiff can perform other jobs which exist in significant numbers in the national economy. *Id.* at 20. Accordingly, the ALJ concluded that plaintiff "has not been under a disability," as defined in the Social Security Act. *Id.*

Specifically, the ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2011.

2. The claimant has not engaged in substantial gainful activity since February 1, 2007, the alleged onset date (20 C.F.R. §§ 404.1571, *et. seq.*, and 416.920(c)).

3. The claimant has the following severe impairments: diabetes mellitus, hypertension, headaches, degenerative disc disease of the lumbar spine, depression, bipolar II disorder and generalized anxiety disorder (20 C.F.R. §§ 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§§§§§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the exertional residual functional capacity to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except the claimant is limited to simple, unskilled work.

6. The claimant is capable of performing past relevant work as a housecleaner. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 C.F.R. §§ 404.1565 and 416.965).

7. In the alternative, considering the claimant's age, education, work experience and residual functional capacity, there are other jobs that exist in significant numbers in the national economy that the claimant also can perform (20 C.F.R. §§§§ 404.1569, 404.1569(a), 416.969 and 416.969(a)).

8. The claimant has not been under a disability, as defined in the Social Security Act, from February 1, 2007, through the date of this decision (20 C.F.R. §§ 404.1520(f) and 416.920(f)).

*Id.* at 13-20.

## III. STANDARD OF REVIEW & RELEVANT LAW

The court must uphold the ALJ's decision if the ALJ applied the correct legal standards and his or her findings of fact are supported by substantial evidence in the record. *See Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996); 42 U.S.C. § 405(g). "Substantial evidence" has been defined as "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Matthews v. Shalala*, 10 F.3d 678, 679 (9th Cir. 1993); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is more than a mere scintilla but less than a preponderance.

*See Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997) (citing *Smolen*, 80 F.3d at 1279). "To determine whether substantial evidence exists [the court must] look at the record as a whole, considering both evidence that supports and undermines the ALJ's findings. However, if the evidence is susceptible of more than one rational interpretation, the decision of the ALJ must be upheld." *Orteza v. Shalala*, 50 F.3d 748, 749 (9th Cir. 1995) (citations omitted). The ALJ alone is responsible for determining credibility and resolving ambiguities. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).

The Social Security Administration defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A claimant is considered disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot . . . engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

Pursuant to the Social Security Act, the Secretary has adopted regulations which establish a formalized, five-step sequential evaluation process to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520. The ALJ considers: (1) whether the claimant is engaging in substantial gainful activity; (2) the severity of the alleged impairment; (3) whether the impairment meets or equals a listed impairment and meets the duration requirement; (4) whether the claimant is capable of doing work he or she has done in the past; and (5) whether the impairment prevents the claimant from doing any other work. *Id.* If at any point in the five-step inquiry it is determined that a claimant is or is not disabled, further review is unnecessary.

## IV. ANALYSIS

Plaintiff asserts that the ALJ's decision was based on legal error, and was not supported by substantial evidence in the record (#11, p. 4). Specifically, plaintiff asserts that: (1) the ALJ improperly rejected Dr. K. Anthony Edwards's opinion (#11, p. 8); (2) the ALJ failed to take all of plaintiff's limitations into consideration when formulating her RFC (#11, p. 12); (3) the ALJ's determination that plaintiff can perform her past relevant work as a housecleaner is not supported by substantial evidence in the record (#11, p. 9); and (4) the ALJ failed to call a Vocational Expert ("VE") to determine whether plaintiff can perform other jobs that exist in the national economy. *Id.* at 14. Accordingly, plaintiff asks the court to reverse the ALJ's decision and award benefits and/or remand the case for a new hearing. *Id.*

Defendant contends that the ALJ's determination that plaintiff can perform "simple, unskilled, [light] work" was legally proper and amply supported by the record (#13, pp. 3-4). Accordingly, defendant asks the court to affirm the ALJ's decision. *Id.* at 12.

1. **Dr. Edwards's Opinion**

Plaintiff argues that the ALJ improperly rejected Dr. Edwards's opinion, but gave "considerable weight" to Dr. Kotler's opinion, even though Dr. Kotler based her opinion on Dr. Edwards's findings (AR pp. 8-9).[2] Plaintiff also argues that the ALJ improperly rejected Dr. Edwards's opinion concerning plaintiff's back pain simply because he is a psychologist. *Id.* at 8.

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citing *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). Cases within the Ninth Circuit distinguish between the opinions of: (1) treating physicians, (2) examining physicians, and (3) non-examining

---

[2] Dr. Edwards is an examining psychologist; whereas, Dr. Kotler is a state agency reviewing psychologist.

physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Generally, the opinions of treating physicians are afforded greater weight than the opinions of other physicians because treating physicians "are employed to cure and thus have a greater opportunity to know and observe the patient as an individual . . . ." *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996) (citations omitted). Likewise, generally, the opinions of examining physicians are afforded greater weight than the opinions of non-examining physicians. *Lester*, 81 F.3d at 830-31 (citing *Pitzer v. Sullivan*, 908 P.2d 502, 506 (9th Cir. 1990)).

The ALJ may disregard a physician's opinion whether or not that opinion is contradicted. *See Magallenes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). If the ALJ rejects a treating or examining physician's opinion which is uncontradicted by another doctor, the ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion. If the ALJ rejects a treating or examining physician's opinion which is contradicted by another doctor, the ALJ must provide specific, legitimate reasons based on substantial evidence in the record for rejecting the contradicted opinion. *Lester*, 81 F.3d at 830-31 (citing *Andrews*, 53 F.3d at 1043). More weight is given to an opinion that is more consistent with the record as a whole. *See* 20 C.F.R. § 404.1527(d)(4); *see also Sanchez v. Sec'y of Health & Human Servs.*, 812 F.2d 509, 511 (9th Cir. 1987).

The ALJ noted that Dr. Edwards, who is an examining psychologist, found that plaintiff could not understand, remember, or carry out simple one and two-step instructions; would have difficulty interacting with supervisors, co-workers and the public (due to pain, rather than psychological difficulties); and would have difficulty maintaining concentration, persistence and pace (AR 17, 765-66). The ALJ rejected these opinions on the grounds that Dr. Edwards only examined plaintiff one time, and that Dr. Edwards's findings were inconsistent with the other

evidence in the medical record, which "d[id] not indicate such severe limitations." *Id.* at 17. Thus, the ALJ concluded that Dr. Edwards's opinion should be given "little weight." *Id.*

Insofar as the ALJ rejected Dr. Edwards's opinion because it was based on a single examination, the court finds this stated reason to be improper. Dr. Edwards was not plaintiff's treating psychologist, but a consultative examining psychologist. It is standard procedure for a consultative examining psychologist to see the plaintiff only one time.[3] However, the ALJ offered an alternative reason for rejecting Dr. Edwards's opinion—it was inconsistent with other evidence in plaintiff's medical record. *Id.* at 17; *see* 20 C.F.R. § 416.927(c)(4) (the more consistent an opinion is with the record as a whole, the more weight the ALJ will give that opinion).

First, the ALJ discounted Dr. Edwards's opinion on the grounds that Dr. Susan Kotler, the state agency reviewing psychologist, partially disagreed with Dr. Edwards's mental assessment (AR 17). Dr. Kotler found that plaintiff can understand and remember simple instructions; can maintain attention and concentration for two-hour work periods to complete simple tasks; and can interact appropriately in brief, casual encounters with co-workers. *Id.* at 17, 784. Conversely, Dr. Edwards found that plaintiff could not understand or remember simple instructions; would have difficulty maintaining concentration, persistence and pace; and would have difficulty interacting with others. *Id.* at 17, 765-66. Thus, contrary to plaintiff's assertions, Dr. Kotler did not "essentially agree[] with Dr. Edwards" (#11, p. 9). Instead, she reviewed the evidence in plaintiff's medical records, and formulated a partially different opinion (AR 780). The court finds that the ALJ properly afforded Dr. Kotler's opinion "considerable weight," as it was consistent with plaintiff's treatment records. *Id.* at 17; *see* 20 C.F.R. § 404.1527(e)(2)(i) (state agency psychological consultants are "highly qualified" psychologists who are also experts in Social Security disability evaluation); SSR 96-6p

---

[3] The Commissioner concedes that the ALJ incorrectly discounted Dr. Edwards's opinion on the ground that it was based on a single examination (#13, p. 6).

(the ALJ may rely on opinions from state agency reviewers if those opinions are well-supported and consistent with the record as a whole); *Saelee v. Chater*, 53 F.3d 1035, 1041 (9th Cir. 1996) (citations omitted) (findings of a non-treating, non-examining doctor can amount to substantial evidence).

Second, the ALJ discounted Dr. Edwards's opinion concerning plaintiff's back pain on the grounds that Dr. Edwards is an examining psychologist—not a medical doctor (AR 18). The ALJ noted that Dr. Edwards reported abnormalities with plaintiff's ambulation, balance and posture, and observed that plaintiff walked with a stiff gait. *Id.* at 18, 765. Dr. Edwards also opined that plaintiff's facial expressions and motor activities suggested excessive pain. *Id.* However, Dr. Edwards is an examining psychologist—not a medical doctor. Thus, the court finds that the ALJ properly discounted Dr. Edwards's opinion concerning the severity of plaintiff's back pain, as he was not qualified to render an opinion on this subject. *Id.*; *see Holohan v. Massanari*, 246 F.3d 1195, 1202-03, n.2 (9th Cir. 2001) (a treating physician's opinion may be entitled to little weight where the physician offers an opinion on a matter outside his area of specialization); 20 C.F.R. § 404.1527(c)(5).

Further, the ALJ noted that Dr. Steven Gerson, an examining physician, merely observed that plaintiff had "mild" difficulties walking (AR 18, 721). The ALJ also noted that plaintiff's treatment notes characterize her back as "stable;" plaintiff's physician's notes characterize her back pain as "improving;" and plaintiff's medical records reveal that she has refused physical therapy and refused to seek specialty care. *Id.* at 18, 797-98.

As an examining psychologist whose opinion is partially contradicted, the ALJ may only reject Dr. Edwards's opinion for "specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31. Here, the ALJ set forth specific and legitimate

reasons for finding that Dr. Edwards's opinion was inconsistent with other evidence in plaintiff's medical records, which "d[id] not indicate such severe limitations" (AR 17). Since substantial evidence in the record supports the ALJ's determination, this court will not disturb the ALJ's decision. *See Andrews*, 53 F.3d at 1039-40 ("The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities. We must uphold the decision where the evidence is susceptible to more than one rational interpretation."). Accordingly, the ALJ did not commit reversible error in discounting Dr. Edwards's opinion.

2. **Plaintiff's RFC Finding**

Plaintiff argues that although the ALJ said he gave Dr. Kotler's opinion "considerable weight," he actually ignored her findings and mental RFC assessment (#11, pp. 11-12). As a result, plaintiff contends that appropriate limitations were not included in the ALJ's RFC analysis. *Id.* at 12.

The RFC is "the most [the claimant] can still do despite [the claimant's] limitations." 20 C.F.R. § 404.1545(a). RFC is comprised of a claimant's physical abilities, mental abilities and other impairments. *Id.* RFC is divided into five exertional categories: (1) sedentary, (2) light, (3) medium, (4) heavy, and (5) very heavy. 20 C.F.R. § 404.1567. In the Ninth Circuit, in determining a claimant's RFC, and ALJ "must consider all relevant evidence in the record, including, *inter alia*, medical records, lay evidence, and 'the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment.'" *Robbins v. Social Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) (citation omitted).

In analyzing plaintiff's RFC, the ALJ "considered all [of plaintiff's] symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence . . ." (AR 16). The ALJ provided a detailed analysis of plaintiff's

medical impairments, considered the functional effects of plaintiff's severe and non-severe impairments, evaluated a third-party statement from plaintiff's mother, and evaluated plaintiff's subjective symptom testimony. *Id.* at 16-19. After making this analysis, the ALJ concluded that plaintiff has the RFC to perform light work, limited to simple, unskilled work.[4] *Id.*

Plaintiff claims that although the ALJ said he gave Dr. Kotler's opinion "considerable weight," he actually ignored her findings and mental RFC assessment (#11, pp. 11-12). Dr. Kotler rated plaintiff's functional limitations pursuant to the "special technique" described in 20 C.F.R. § 1520a. She found that plaintiff had mild difficulties with activities of daily living; moderate difficulties in maintaining social functioning; moderate difficulties in maintaining concentration, persistence or pace; and no episodes of decompensation (AR 778). The ALJ also rated plaintiff's functional limitations pursuant to the "special technique" and came to slightly different conclusions. The ALJ found that plaintiff had no restrictions with activities of daily living; no difficulty in maintaining social functioning; moderate difficulties in maintaining concentration, persistence or pace; and no episodes of decompensation (AR 15-16). Thus, Dr. Kotler's assessment and the ALJ's assessment differed in two respects—plaintiff's difficulties with activities of daily living and plaintiff's difficulties in maintaining social functioning.

Plaintiff argues that if the ALJ had truly given Dr. Kotler's opinion "considerable weight," the ALJ's findings regarding plaintiff's functional limitations would match Dr. Kotler's findings. The court finds this argument has no merit. The Social Security regulations do not state that if an ALJ affords substantial weight to a reviewing doctor's opinion, the ALJ must adopt that doctor's findings in their entirety.

---

[4] Light work involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects that weigh up to ten pounds. 20 C.F.R. § 416.967(b).

Further, the ALJ provided specific and appropriate reasons for assessing plaintiff's functional limitations as he did. First, in terms of plaintiff's activities of daily living, the ALJ noted that plaintiff submitted a Function Report, which stated that she takes care of herself and her three children, prepares daily "home cooked" meals, does not need reminders to perform personal care tasks, makes the beds, vacuums, changes the sheets, cleans the showers, scrubs the bathtubs and toilets, and cleans her "entire house" every other day (AR 15, 196). Thus, the court finds that these admissions constitute substantial evidence supporting the ALJ's conclusion that plaintiff has no significant restrictions in her activities of daily living. Second, in terms of plaintiff's social functioning, the ALJ noted that plaintiff stated that she goes outside every day, can travel and drive independently, shops for groceries, clothing and cleaning supplies on a weekly basis, and can pay her bills and count change. *Id.* at 15, 197. Plaintiff also stated that she enjoys making doilies, attends church once a week, spends time with others and has no difficulty interacting with family, friends and/or neighbors. *Id.* at 15, 198-99. Thus, the court finds that these statements constitute substantial evidence supporting the ALJ's conclusion that plaintiff has no significant difficulties maintaining social functioning. *Id.* at 15. Finally, the ALJ noted that the severity of plaintiff's psychological symptom testimony was generally inconsistent with her admitted ability to care for herself, help her children with homework, shop for groceries, prepare grocery lists, prepare meals, perform household chores and do yard work. *Id.* at 19. Accordingly, the court finds that the ALJ's assessment of plaintiff's functional limitations was supported by substantial evidence in the record.

In addition, the court finds that the ALJ's determination that plaintiff has the RFC to perform simple, unskilled light work is consistent with Dr. Kotler's mental RFC assessment. *Id.* at 782-83. Dr. Kotler determined that plaintiff was not significantly limited in sixteen of the twenty categories

hours, she is not likely to keep that job long" (#11, p. 10). Thus, plaintiff contends "there is enough evidence to find Plaintiff disabled and award benefits." *Id.* at 11.

As a preliminary matter, the court notes that plaintiff confuses the standard of review. The court's decision does not hinge on whether "there is enough evidence to find Plaintiff disabled and award benefits" (#11, p. 11), but instead, on whether the ALJ applied the correct legal standards and his or her findings of fact are supported by substantial evidence in the record. *See Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996); 42 U.S.C. § 405(g).

A claimant is capable of performing past relevant work—and is not disabled—if he or she is capable of performing that work as "the claimant actually performed it or as generally performed in the national economy." *See* 20 C.F.R. § 404.1560(b)(2). "To determine whether a claimant has the [RFC] to perform his past relevant work, the [ALJ] must ascertain the demands of the claimant's former work and then compare the demands with his present capacity." *Villa v. Heckler*, 797 F.2d 794, 798 (9th Cir. 1986). Here, the ALJ found that plaintiff's RFC permitted her to perform her past relevant work as a housecleaner (AR 19). The ALJ noted that plaintiff submitted a Work History Report, in which she stated that this position required her to walk and/or stand for up to four hours, to lift and/or carry up to twenty pounds occasionally, and to change linens, clean floors, clean bathrooms and remove trash. *Id.* The ALJ compared plaintiff's RFC with the physical and mental demands of this work, and explained that plaintiff is able to perform her past relevant work as a housecleaner "as [plaintiff] actually performed" it in the past. *Id.* at 20.

Plaintiff argues that her daily migraines preclude her from performing any work, including her past relevant work as a housecleaner. However, in plaintiff's Function Report, she stated that she takes care of herself and her three children, prepares daily "home cooked" meals, makes the beds, vacuums, changes the sheets, cleans the showers, and scrubs the bathtubs and toilets (AR 15,

196). Plaintiff also stated that she cleans her "entire house" every other day. *Id.* The fact that plaintiff is able to make beds, vacuum, change sheets, clean showers, and scrub bathtubs and toilets indicates that she is also able to perform her past relevant work as a housecleaner—as plaintiff actually performed it in the past.

In addition, although Dr. Gerson opined that "the claimant should be in a quiet dark room during a migraine" (AR 723), he also noted that plaintiff reported having headaches her entire life, and that plaintiff reported having chronic migraines for the past two years. *Id.* at 718. Plaintiff submitted her Function Report on September 18, 2009. *Id.* at 201. Dr. Gerson examined her on November 2, 2009. *Id.* at 717. Thus, it appears that despite having chronic migraines for two years, plaintiff was still able to take care of herself and her three children, make beds, vacuum, change sheets, clean showers, scrub bathtubs and toilets, and clean her entire house every other day—skills which are similar to the skills plaintiff reported she performed as a housecleaner.[6] *Id.* at 196.

Plaintiff testified that her past relevant work as a housecleaner required her to perform activities which the court finds are consistent with an RFC of simple, unskilled light work. *See* 20 C.F.R. § 404.1567(b). Thus, the court finds that substantial evidence supports the ALJ's determination that plaintiff can perform her past relevant work as a housecleaner—as plaintiff actually performed it. To the extent plaintiff argues that the ALJ committed reversible error by not consulting a vocational expert, the determination of whether a claimant may perform his or her past relevant work does not require the use of vocational testimony. *See Crane v. Shalala*, 76 F.3d 251, 255 (9th Cir. 1996). Moreover, the ALJ did not need to consult a vocational expert on the

---

[6] To the extent plaintiff argues that the ALJ did not reject her testimony concerning daily migraines, the court notes that the ALJ correctly found that, "much of what the claimant has alleged may be . . . unreliable" (AR 19). Even though plaintiff reported that she had not worked since February 1, 2007, plaintiff's April 2010 treatment records indicate that she was at work when her son's school called to tell her that her son had fallen and injured his ankle. *Id.* at 19, 945. Accordingly, the ALJ concluded, "[t]he fact that the claimant provided inaccurate information on a matter so integral to determining disability suggests that much of what the claimant has alleged may be similarly unreliable." *Id.* at 19.

## VI. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's motion for remand (#11) be **DENIED** and defendant's cross-motion for summary judgment (#13) be **GRANTED**.

**DATED:** March 29, 2013.

UNITED STATES MAGISTRATE JUDGE